IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-77-SLR |
| | ) |
| CURTIS WHITE, aka Lacy White | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Curtis White, by and through his attorney, Charles E. Butler, Esquire, the following agreement is hereby entered into by the respective parties:

1. The Defendant shall plead guilty in the United States District Court for the District of Delaware to Count 1 of the Indictment returned against him by the grand jury for the District of Delaware on July 13, 2006. Count 1 charges the Defendant with knowingly possessing with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). The Defendant understands that the maximum penalties for Count 1 are forty (40) years imprisonment, of which five (5) years are minimum-mandatory, a fine of $2,000,000, four (4) years of supervised release, and a $100 special assessment.

2. The Defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading

guilty, that is on or about the date set forth in the Indictment, May 25, 2006, (i) the Defendant possessed a substance that contained cocaine base; (ii) the Defendant knew that he was in possession of a controlled substance; (iii) the controlled substance weighed five (5) grams or more; and (iv) the Defendant intended to distribute the controlled substance.

3. The Defendant agrees to pay the $100 special assessment on or before the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of Defendant's prison salary and apply it on Defendant's behalf to the payment of the outstanding debt ordered.

4. Based on information known to date, and provided that the United States does not learn after the Defendant's entry of a guilty plea of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

5. The Defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). He understands that the final determination of the sentencing guidelines and his sentence will be up to the sentencing judge.

6. The Defendant agrees to cooperate fully and truthfully with the Government as follows:

    a. Defendant agrees to provide truthful, complete and accurate information and testimony. The Defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

    b. Defendant agrees to provide all information concerning his knowledge

of, and participation in, the subject matter of the Indictment of which he has knowledge, and any other crimes about which he has knowledge. The parties further understand and agree that any information provided by the Defendant during his cooperation, including all information provided under any prior off-the record proffer letter that could be used to calculate his relevant conduct, has been and will continue to be provided pursuant to U.S.S.G. Section 1B1.8. This means that while such information will be disclosed to the Sentencing Court, it will not be used to enhance the Defendant's otherwise applicable U.S. Sentencing Guideline range.

  c. Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

  d. Defendant agrees to testify truthfully at any Grand Jury, hearing, or trial when called as a witness.

  e. Defendant agrees to hold himself reasonably available for any interviews as the Government may require.

  f. Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

  g. Defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

  h. To enable the Court to have the benefit of all relevant sentencing information, the Defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

  i. Defendant agrees that if the Government determines that the Defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the Defendant

shall be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the Defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the Defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

7. If the Government in its sole discretion determines that the Defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

    a. Make the nature and extent of the Defendant's cooperation known to the Court.

    b. Make a motion for the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C. §3553(e), only if the Government, in its sole discretion, determines that the Defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The Defendant understands that, as of the date of this agreement, no determination has been made as to the Defendant's eligibility for a substantial assistance motion. The Defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by him. The Defendant further understands that if he breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the Government may refuse to file a substantial assistance motion.

    c. Make whatever sentencing recommendation the Government deems appropriate.

8. The Defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

9. The Defendant understands that if his statements made to the Government before the date of this agreement are untruthful in any material way this agreement is violated and becomes voidable by the Government.

10. The parties reserve the right to defend the Pre-Sentence Officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and

void and have no effect whatsoever.

                                          COLM F. CONNOLLY
                                          UNITED STATES ATTORNEY

_____      By: _____
Charles E. Butler, Esquire         Shannon T. Hanson
Attorney for Defendant           Assistant U.S. Attorney

_____
Curtis White
Defendant

Dated: __1/22__, 2007

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

      **AND NOW**, this 22d day of January, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                    _____
                                    HONORABLE SUE L. ROBINSON
                                    CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT